19-CV-3622 (LTS)(SDA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE GEE,

                                                       Plaintiff,

-against-

CITY OF NEW YORK, NYC HEALTH + HOSPITALS, DOCTOR ROUL RAMOS, MS. MICHELLE NALLETT, DEPUTY WARDEN,

                                                       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*GEORGIA M. PESTANA*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Thais R. Ridgeway*
*Tel: (212) 356-3586*
*E: tridgew@law.nyc.gov*
*Matter #: 2019-047005*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 2

ARGUMENT

    POINT I

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE ................................................................................................ 3

    POINT II

        PLAINTIFF HAS FAILED TO PLEAD FACTS SHOWING THAT HIS ALLEGED INJURY AROSE FROM SOME OFFICIAL POLICY OR PRACTICE GIVING RISE TO MUNICIPAL LIABILITY ................................................................................................ 5

    POINT III

        PLAINTIFF HAS FAILED TO STATE A CONSTITUTIONAL CLAIM ................................................................................................ 6

    POINT IV

        PLAINTIFF HAS FAILED TO ALLEGE THE PERSONAL INVOLVEMENT OF ANY DEPARTMENT OF CORRECTION EMPLOYEE IN ANY ALLEGED VIOLATION OF HIS CONSTITUTIONAL RIGHTS ................................................................................................ 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases** **Page**

*Albert v. City of Hartford,* 529 F. Supp. 2d 311 (S.D.N.Y. 2007)……………………………...5

*Arrington v. City of New York,* 628 F. App'x 46 (2d Cir. 2015) …………………………….5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………….2-4

*Baity v. Kralik,* 51 F. Supp. 3d 414 (S.D.N.Y. 2014) …………………………….…………..5

*Batista v. Rodriguez,* 702 F.2d 393 (2d Cir. 1983) …………………………………………..5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………………..………..2, 4

*Chance v. Armstrong,* 143 F.3d 698 (2d Cir. 1998) …………………………….…………..6-7, 9

*Colon v. Coughlin,* 58 F.3d 865 (2d Cir. 1995) ……………………………….……............8

*Darnell v. Piniero,* 849 F.3d 17 (2d Cir. 2017) …………………………….………........6, 7

*Estelle v. Gamble*, 429 U.S. 97 (1997) …………………………….……….…………..6, 8

*Feliciano v. Anderson,* No. 15-CV-4106 (LTS) (JLC), 2017 U.S. Dist. LEXIS 47893 (E.D.N.Y. Mar. 30, 2017)…………………………………………………………………7

*Hathaway v. Coughlin*, 99 F.3d 550 (2d Cir. 1996)…………………………….…………..6

*Harrison v Barkley,* 219 F.3d 132 (2d Cir. 2010) )…………………………..…………..6

*Hill v. Curione*, 657 F.3d 116 (2d Cir. 2011) …………………………………………...…..6

*McCree v. Messina*, No. 14-CV-5201 (JPO), 2015 U.S. Dist. LEXIS 92040 (S.D.N.Y. July 15, 2015…..……………………………………………………………….5

*Middleton v. United States,* No. 10-CV-6057 (JFB) (ETB), 2011 U.S. Dist. LEXIS 152955 (E.D.N.Y. June 28, 2011)……………………………………………………………….3

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) …………………….………5

*Moore v. Kwan*, 683 F. App'x 24 (2d Cir. 2017) …………………………....................7-8

*Nance v. Kelly,* 912 F.2d 605 (2d Cir. 1990) …………………………………………………6

*Rahman v. Schriro*, 22 F. Supp. 3d 305 (S.D.N.Y. 2014)……………………………...........3

*Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997)……………………………………………...........3

*Salahuddin v. Cuomo,* 861 F.2d 40 (2d Cir. 1988)..……………………………………..3,7-8

*Smith v. City of New York,* No. 14-CV-5927, 2017 U.S. Dist. LEXIS 74499 (S.D.N.Y. May 16, 2017)……………………………………………………………………9

*Warren v. Colvin*, 744 F.3d 841 (2d Cir. 2014)……………………….…..………………..3

*Wilson v. Seiter,* 501 U.S. 294 (1991).....…………………………….…....……………..6

*Wynder v. McMahon,* 360 F.3d 73 (2d Cir. 2004)..……………….………...…..…………..3

*Zhara v. Town of Southold*, 48 F.3d 674 (2d Cir. 1995)..…...………………...….…..…….5

## Statutes

42 U.S.C. § 1983……………………………………………………….………………….6, 8

Federal Rule of Civil Procedure 8(a)………………………………………...……………3, 5

Federal Rule of Civil Procedure 12(b)……………………………………………...……..2

Federal Rule of Civil Procedure 12(f)……………………………………………...……..3

## PRELIMINARY STATEMENT

Plaintiff brings this civil rights action alleging his rights were violated while he was in the custody of the New York City Department of Correction for the period of March 29, 2019 through approximately April 8, 2019. First, Plaintiff alleges he was denied pain medication, proper medical transportation, and his medical footwear. Second, Plaintiff challenges the adequacy of the department issued mattress and alleges he was not provided a double mattress. Finally, Plaintiff alleges he was denied medical housing during his intake process.

Defendants, the City of New York, NYC Health + Hospitals, Dr. Raul Ramos, and Deputy Warden Michelle Nallett, submit this memorandum of law in support of their motion to dismiss the Complaint. As discussed more fully below, the Complaint should be dismissed in its entirety for the following reasons: (i) Plaintiff has failed to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, (ii) Plaintiff has failed to plead facts showing that his alleged injury arose from some official policy or practice giving rise to municipal liability, (iii) Plaintiff has failed to state a constitutional claim, and (iv) Plaintiff has failed to allege the personal involvement of any department of correction employee in any alleged violation of his constitutional rights.

## STATEMENT OF FACTS

Plaintiff was in the custody of the New York City Department of Correction from March 29, 2019 through April 8, 2019. Complaint, filed April 22, 2019 (dkt. no. 25) at p.4.[1] First, Plaintiff alleges he was denied medical housing during his intake process. *Id*. at "Fact #4", p. 4. Second, Plaintiff alleges he was denied prescription pain medication and unspecified

---

[1] Page numbers correspond to the pagination of the Amended Complaint as it appears on the Court's ECF system.

medical care during his housing in the North Infirmary Command (N.I.C.). *Id*. at "Fact #1, #5", p. 4. Third, Plaintiff alleges he was denied proper medical transportation. *Id*. at "Fact #6", p. 4. Fourth, Plaintiff alleges he was denied medical footwear for his prosthetic leg. *Id*. at "Fact #7", p. 5. Finally, Plaintiff alleges the agency-issued mattresses are "yoga mats" and his request for a double mattress was denied. *Id*. at "Fact #2, #3", p. 4.[2]

## **STANDARD OF REVIEW**

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Court should accept all allegations made in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014) (internal citation omitted). The principle that all factual allegations in the complaint are to be accepted as true when considering a motion to dismiss is, however, "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. v. Twombly*, 550 U.S. at 555) (on motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation"). Furthermore, the complaint must do more than imply a "mere possibility of misconduct," and the facts alleged must "show[] that the pleader is entitled to relief." *Id.* at 679 (internal citation and quotation marks omitted). To withstand a motion to dismiss, a complaint must assert "enough facts to state a claim for relief that is plausible on its face," which requires that the "plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. 544, 556, 570 (2007);

---

[2] Attached to Plaintiff's Complaint is a grievance dated April 9, 2019, wherein Plaintiff reports a slip and fall incident wherein he "did not see the water" and "lost [his] balance and fell." It is unclear whether this is related to Plaintiff's other claims.

*see also Iqbal*, 556 U.S. 662, 678 (2009).

Further, a complaint filed by a *pro se* plaintiff should be construed liberally to raise the strongest arguments it suggests. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). Though *pro se* litigants are held to less stringent pleading standards, they still must set forth plausible claims. Indeed, dismissal of a *pro se* complaint is appropriate where the plaintiff has "clearly failed to meet minimum pleading requirements." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)) (internal quotation marks omitted).

## ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8(a)(2) requires that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 41 (2d Cir. 1988). While *pro se* complaints are generally liberally interpreted by courts, "'the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.'" *Middleton v. United States*, No. 10-CV-6057, 2011 U.S. Dist. LEXIS 152955, at *8 (E.D.N.Y. June 28, 2011) (Report & Recommendation adopted by 2012 U.S. Dist. LEXIS 15117, 2012 WL 394559 (E.D.N.Y. February 7, 2012) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004)). When a complaint is not short and plain, the Court has the power to dismiss the complaint. *See* Fed. Rule Civ. P. 12(f).

In this case, Plaintiff has failed to plead sufficient factual details to state a claim for relief as required by the Supreme Court in *Twombly*. 550 U.S. 544, 556, 570 (2007). First, Plaintiff's Complaint contains only seven sentences. *See* Plaintiff's Complaint (Dkt. No. 2), p. 4. These seven sentences are independently labeled and address various issues Plaintiff alleges to have experienced during his period of incarceration. *Id*. Plaintiff's alleges *inter alia* that he was "denied pain medication by Doctor Ramos," "medical housing during my intake process," "medical care [] I should be afforded," "medical footwear", "double mattress," and "proper medical transportation." Each of these allegations is conclusory. *Id*. p 4-5. "The pleading standard Rule 8 [] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Court noted "[n]or does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alterations and internal quotation marks omitted). Here, Plaintiff has failed to (i) plead facts to establish that he had a condition that required the prescription of pain medication, (ii) identify his alleged condition requiring "proper" and/or special medical transportation, (iii) identify a condition which qualified Plaintiff for medical housing and specialized footwear, (iv) special bedding, and (v) describe what medical care at N.I.C. he was not being provided. Notably, Plaintiff describes he was not provided medical housing during his intake process but describes many of the occurrences he objects to in the Complaint took place in the North Infirmary Command. *See* Complaint at "Place of Occurrence, Fact #1, and #5", at p. 4. The North Infirmary Command is one of the designated medical facilities housing inmates. Plaintiff's Complaint is devoid of sufficient factual information to give Defendants notice of the events and occurrences which he believes were

illegal and caused him harm. Thus, Plaintiff has failed to satisfy the pleading requirement under Rule 8(a) of the Federal Rules of Civil Procedure.

## POINT II

**PLAINTIFF HAS FAILED TO PLEAD FACTS SHOWING THAT HIS ALLEGED INJURY AROSE FROM SOME OFFICIAL POLICY OR PRACTICE GIVING RISE TO MUNICIPAL LIABILITY**

To successfully plead a claim against the City of New York, Plaintiff must allege that any injury was the result of an official policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Zhara v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (to hold a municipality liable, a plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.") (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Plaintiff has not made any allegation about the existence of any policy, custom, or practice, much less one that led to the alleged conditions or caused his alleged injuries. Without any such allegations, Plaintiff has failed to plead a basis for a finding of municipal liability. *See McCree v. Messina*, No. 14-CV-5201, 2015 U.S. Dist. LEXIS 92040, at *13–14 (S.D.N.Y. July 15, 2015); *see also Arrington v. City of New York*, 628 F. App'x 46, 50 (2d Cir. 2015) (summary order) (affirming dismissal of Section 1983 claims against the City because plaintiff "did not plead any facts in his complaint … that would support a finding that these alleged violations resulted from a municipal policy"). Here, Plaintiff has not pled the existence of a municipal policy.

Alternatively, Plaintiff could satisfy the requirements of *Monell* by demonstrating "actions taken or decisions made by government officials responsible for establishing municipal policies . . . ." *Baity v. Kralik*, 51 F. Supp. 3d 414, 436 (S.D.N.Y. 2014)(*quoting Albert v. City of Hartford*, 529 F. Supp. 2d 311, 329 (S.D.N.Y. 2007)). Here, Plaintiff has not made any

5

allegation concerning acts or omissions by a municipal policymaker. Accordingly, Plaintiff's claims against the City of New York should be dismissed.

## POINT III

### PLAINTIFF HAS FAILED TO STATE A CONSTITUTIONAL CLAIM

To establish a constitutional claim for inadequate medical care under 42 U.S.C. § 1983, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1997). A plaintiff must therefore satisfy a two-prong test. First, the plaintiff must show that the alleged deprivation was objectively "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *See Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990). Second, the charged official must act with a sufficiently culpable state of mind. *See Id*. Subjectively, the defendants must "know, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Piniero*, 849 F.3d 17, 35 (2d Cir. 2017).

To satisfy the objective prong of the deliberate indifference standard, "the alleged depravation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curione*, 657 F.3d 116, 122 (2d Cir. 2011) (*quoting Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted); *See also Harrison v Barkley*, 219 F.3d 132, 136 (2d Cir. 2010) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'") (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Here, Plaintiff alleges that he was denied pain medication, unspecified medical care, medical transportation, and medical footwear for his prosthesis. Complaint, at "Fact 1, 5-

7", p. 4-5. In particular, Plaintiff alleges he needs a double mattress to accommodate his arthritis and needs medical footwear to accommodate his prosthesis. *Id*. at "Fact #2, #7", p. 4-5. However, Plaintiff does not allege that he is in imminent risk of harm absent the issuance of a double mattress or footwear. Rather, the only injury pled in the Complaint is "non-stop pain" due to a failure to prescribe pain medication. *Id*., at "Injury" p. 5. Without more, Plaintiff has failed to plead sufficient information to allege a "serious condition" that may produce death, degeneration, or extreme pain, to satisfy the subjective prong of the analysis.

Even if Plaintiff had stated an objectively serious medical condition or harm, which he has not, Plaintiff has not alleged that any individual DOC employee knew, or should have known of his condition. Thus, Plaintiff cannot satisfy the subjective prong of the deliberate indifference standard. A plaintiff must state more than general allegations as to what an individual defendant knew or should have known about a potential violation of an inmate's rights. *See, e.g.*, *Feliciano v. Anderson*, No. 15-CV-4106 (LTS) (JLC), 2017 U.S. Dist. LEXIS 47893, *34 (E.D.N.Y. Mar. 30, 2017) (finding that plaintiff had not alleged facts sufficient to demonstrate that any individual defendant acted with deliberate indifference to his health, noting that "[a]s was the case before *Darnell*, the defendants' 'actions [must be] more than merely negligent'") (*citing Salahuddin*, 467 F.3d at 280)).

Here, Plaintiff's Complaint contains a single allegation against a named individual—Dr. Ramos. Plaintiff alleges Dr. Ramos denied him pain medication. Complaint, at "Fact 1/Injuries", p. 4-5. "Whether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." *Moore v. Kwan*, 683 F. App'x 24, 26 (2d Cir. 2017)(*citing Chance*, 143 F.3d at 703). Here, Plaintiff has failed to allege any facts to satisfy the subjective prong. In particular, Plaintiff has failed to

identify a "serious medical condition" requiring prescription pain medication, the relevant time period where Plaintiff was not receiving this pain medication, or allege that he discussed his particular needs with Dr. Ramos, or that Dr. Ramos was aware, or should have been aware, but acted recklessly disregarding any serious medical needs. Thus, Plaintiff has not alleged that any Dr. Ramos acted with deliberate indifference to his health. "To satisfy the subjective component, a plaintiff must establish the equivalent of criminal recklessness, i.e., 'that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result.'" *Moore v. Kwan*, 683 F. App'x 24, 26 (2d Cir. 2017)(*citing Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Further, it is not enough for a Plaintiff to allege in a complaint that a physician has been negligent in diagnosing or treating a medical condition. *See generally See Estelle v. Gamble*, 429 U.S. 97, 106 (1997).

Because Plaintiff has failed to state an objectively serious medical condition or harm, and because Plaintiff has not indicated objective deliberate indifference on the part of any individual Defendant, Plaintiff's claims of inadequate medical care must be dismissed.

## POINT IV

**PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE PERSONAL INVOLVEMENT OF ANY DEPARTMENT OF CORRECTION EMPLOYEE IN THE ALLEGED VIOLATION OF HIS CONSTITUTIONAL RIGHTS**

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). "Personal involvement in a Section 1983 violation may be shown by evidence that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which

unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.'" *Smith v. City of New York*, No. 14-CV-5927, 2017 U.S. Dist. LEXIS 74499, at *20 (S.D.N.Y. May 16, 2017) (quoting *Colon*, 48 F. 3d at 873).

Plaintiff has not identified any individual whom he alleges violated his constitutional rights, failed to remedy any alleged wrongdoing, or engaged in any act or omission that might establish that individual's personal involvement. The only defendant referenced in the body of the Complaint is Dr. Ramos who Plaintiff alleges "denied [him] pain medication." *Id*. See Complaint, at. P. 4. To the extent Plaintiff disagrees with the medical treatment provided, this claim fails to rise to the level of a constitutional violation. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998). While Plaintiff may allege he was entitled to prescription pain medication, a disagreement with Dr. Ramos' medical diagnosis and treatment does not give rise to a constitutional violation.

Notably, Plaintiff made no allegations at all against Deputy Warden Nallet. The Complaint is devoid of any mention of her acts and/or omissions. In fact, her name is only mentioned in the list of Defendants and does not appear anywhere else in the Complaint. *See* Complaint, at p. 3. Thus, Plaintiff has failed to allege the personal involvement of any individual in any alleged deprivation, and for this reason also, the Complaint fails to state a claim and should be dismissed.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request the Court grant their motion and dismiss the Complaint in its entirety, and grant the Defendants such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 11, 2019

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> Attorney for Defendants
> 100 Church Street
> New York, New York 10007
> (212) 356-3586
> (212) 356-8760 (fax)
> tridgew@law.nyc.gov
>
> By:      /s/
>       THAIS R. RIDGEWAY