19-CV-3622 (LTS)(SDA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE GEE,

                                            Plaintiff,

-against-

CITY OF NEW YORK, NYC HEALTH + HOSPITALS, DOCTOR ROUL RAMOS, MS. MICHELLE NALLETT, DEPUTY WARDEN,

                                           Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Thais R. Ridgeway*
*Tel: (212) 356-3586*
*E: tridgew@law.nyc.gov*
*Matter #: 2019-047005*

## TABLE OF CONTENTS

    **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE .................................................................................. 1

    POINT II

        PLAINTIFF HAS ABANDONED CERTAIN CLAIMS ................................................................................................ 3

    POINT III

        PLAINTIFF HAS FAILED TO STATE A CONSTITUTIONAL CLAIM ................................................................. 4

CONCLUSION ........................................................................................................................ 7

## PRELIMINARY STATEMENT

Defendants, the City of New York, NYC Health + Hospitals, Dr. Raul Ramos, and Deputy Warden Michelle Nallett, submit this memorandum of law in further support of their motion to dismiss the Complaint. As discussed more fully below, the Complaint should be dismissed in its entirety for the following reasons: (i) Plaintiff has failed to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, (ii) Plaintiff has failed to plead facts showing that his alleged injury arose from some official policy or practice giving rise to municipal liability, (iii) Plaintiff has failed to state a constitutional claim, and (iv) Plaintiff has failed to allege the personal involvement of any department of correction employee in any alleged violation of his constitutional rights.

## ARGUMENT

### POINT I

**PLAINTIFF COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff's declaration in opposition to Defendants' motion fails to address any of Defendants' arguments. *See* Plaintiff's Declaration in Opposition, dated October 19, 2019 (Dkt. No. 28). In fact, Plaintiff's opposition consists of a single sentence: "I am attaching supporting documents as [] evidence." *Id*. at p. 2.[1] Plaintiff's declaration is followed by 90 pages of various documents including medical records from August 4, 2017 – April 13, 2019; plaintiff's inmate transactions, grievances, and reasonable accommodation requests. *Id*. at p. 4-94.

---

[1] For the convenience of the Court, Defendants adopt the Court's ECF pagination for reference of Plaintiff's Opposition.

Plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While it is well settled that *pro se* complaints are to be "liberally construed" by courts, the "liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). *See also Bell v. Jendell,* 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013); *See also Caidor v. Onondaga County,* 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.") Here, Plaintiff has failed to allege facts supporting his unspecified claims in his original Complaint or through his opposition.

Rather, Plaintiff relies exclusively on documents annexed to his single sentence declaration in opposition to Defendants' motion to dismiss. The Court may "consider certain 'materials outside the complaint to the extent that they are consistent with the allegations in the complaint.'" *Siji Yu v. Knighted LLC*, No. 15-CV-9340, 2017 U.S. Dist. LEXIS 23006, at *14 (S.D.N.Y. Feb. 16, 2017) (quoting *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 U.S. Dist. LEXIS 110398 at *4 n.3 (S.D.N.Y. Aug. 2, 2013)). Many of the documents annexed to Plaintiff's declaration, however, are not consistent with the allegations in the Complaint.

First, portions of the medical records annexed to Plaintiff's declaration detail treatment provided two years prior to the date of the incident identified in the Complaint—which alleged occur from March 29, 2019 through April 8, 2019. Plaintiff's Opposition, p. 9-35. The medical records predating March 29, 2019 are not consistent with the allegations in the Complaint and should not be considered. Second, some of the grievances and reasonable accommodation requests attached are dated *after* this federal action was commenced. *Id*. at p.

36-37, 42, and 47. These incidents also fall outside of the scope of the Complaint and, the Court should not consider these documents. The remaining documents annexed to Plaintiff's declaration are conclusory recitations of his grievances. "The pleading standard Rule 8 [] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009). Plaintiff has failed to allege additional information or facts supporting his claim for relief. Thus, Plaintiff has failed to satisfy the pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure.

## POINT II

### PLAINTIFF' HAS ABANDONED CERTAIN CLAIMS

Plaintiff's failure to address each of Defendants' arguments amounts to an abandonment of those claims left unaddressed. *See Romeo & Juliette Laser Hair Removal, Inc. v. Assara I. LLC*, No. 08-CV-442, 2014 U.S. Dist. LEXIS 133839, at *16-17 (S.D.N.Y. Sep. 23, 2014) ("At the motion to dismiss stage . . . a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.").[2] Plaintiff did not respond in any way to Defendants' arguments. However, to the extent the Court considers the annexed documents and its contents, there remains several issues Plaintiff has failed to address through declaration or documentary evidence. First, Plaintiff has failed to allege an injury that arose from an official policy or practice giving rise to municipal liability. Second, Plaintiff has failed to allege the personal involvement of any department of correction employee in any alleged violation of his constitutional rights. (*Compare* Defendants' Memorandum of Law in Support of its Motion to Dismiss the Complaint (hereinafter "Def. Br."), October 11, 2019, Civil Docket Entry No. 22, *Points II*, and *IV*, with Plaintiff's Opp.) Plaintiff's failure to address these

---

[2] Defendants provided Plaintiff, pursuant to Local Civil Rule 7.2, copies of all the decisions cited herein that are unreported or are reported exclusively on computerized databases.

arguments constitutes an abandonment of these above-mentioned claims. Accordingly, Defendants request the Court deem these claims abandoned and dismiss these claims.

## POINT III

### PLAINTIFF HAS FAILED TO STATE A CONSTITUTIONAL CLAIM

To establish a constitutional claim for inadequate medical care under 42 U.S.C. § 1983, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1997). First, the plaintiff must show that the alleged deprivation was objectively "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *See Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990). Second, the charged official must act with a sufficiently culpable state of mind. *See Id*. Subjectively, the defendants must "know, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Piniero*, 849 F.3d 17, 35 (2d Cir. 2017). Here, Plaintiff alleges that he was denied pain medication, medical transportation, and medical footwear for his prosthesis. Complaint, at "Fact 1, 5-7", p. 4-5. In addition, Plaintiff alleges he needs a double mattress to accommodate his arthritis and medical footwear to accommodate his prosthesis. *Id*. at "Fact #2, #7", p. 4-5.

**A. Plaintiff Fails to State a Constitutional Claim for a Denial of Medication and Denial of Medical Care**

The medical records annexed by Plaintiff's declaration show that he was prescribed pain medication during the period identified in the Complaint. Plaintiff's Opp. at p. 4-, 67, 70-89. Thus, Plaintiff's records establish that he was not denied pain medication. To the extent Plaintiff claims he was denied a prescription for stronger medication, he fails to state a constitutional claim as a matter of law. A correctional facility's decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs. *See Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. Feb. 15, 2013);

*See also Harris v. Westchester Cnty. Med. Ctr.*, No. 08 Civ. 1128, 2011 U.S. Dist. LEXIS 72566 at *3 (S.D.N.Y. July 6, 2011) ("The failure to provide stronger pain medication does not constitute deliberate indifference.") Similarly, Plaintiff alleges that he was denied proper medical care because he was not provided "Tylenol #3/outside medication" should be dismissed. Again, medical records show that not only was Plaintiff prescribed pain medication but also he was prescribed ointment on April 12, 2019. Plaintiff's Opp. at p. 71. Thus, Plaintiff's constitutional claim for the denial of medication and medical care should be dismissed.

### B. Plaintiff Fails to State a Constitutional Claim for Denial of Medical Footwear

Plaintiff alleges he was denied medical footwear that was made for his prosthetic leg. Complaint at p. 5, Fact #7. Attached to Plaintiff's opposition is a grievance filed on April 8, 2019, wherein Plaintiff requests his footwear. Plaintiff Opposition at p. 60. The next day, the grievance coordinator responded to the grievance noting: "on 4/9/19 grievant was provided with his footwear from his property after all the proper paperwork was filled out and signed by the facility." *Id*. There is no other grievance or complaint regarding footwear annexed to Plaintiff's opposition. To the extent Plaintiff alleges a delay in providing his requested footwear constitutes deliberate indifference, Plaintiff has failed to state a constitutional claim. "The case law clearly establishes that the delay in treatment does not become a constitutional violation merely because the underlying medical condition, [], is indisputably a serious one." *DiChiara v. Wright*, 2011 U.S. Dist. LEXIS 35015 at *7 (E.D.N.Y. March 31, 2011). "The court must instead look to 'all relevant facts and circumstances' when determining whether a delay in treatment is 'objectively serious' for Eighth Amendment purposes." *Id*. (quoting *Smith v. Carpenter*, 316 F. 3d 178, 187 (2d Cir. 2003)). For a delay in treatment claim the focus is on whether delay in treatment is objectively serious for Eighth Amendment purposes, courts and juries are "entitled to consider

the absence of adverse medical effects" associated with the delay in treatment. *Smith*, 316 F.3d at 187. Here, Plaintiff's Complaint and the medical records annexed to his opposition are devoid of any adverse medical effects from a purported delay in access to his requested footwear. Thus, Plaintiff has failed to plead and the record upon which Plaintiff relies is void of facts sufficient to establish a constitutional claim for a delay in footwear.

### C. Plaintiff Fails to State a Constitutional Claim for His Remaining Claims

Plaintiff alleges he was denied "proper" medical transportation and a double mattress. Complaint at p. 4, Fact #2, 3, and 6. Plaintiff makes a single reference to transportation within a grievance requesting stronger pain medication. Plaintiff's Opp. at p. 58. Plaintiff alleges he was denied accessible transportation for court on April 4, 2019; however, Plaintiff fails to describe why the transportation was inaccessible or whether he was injured in any way from uncomfortably transportation conditions on that day. Without more, Plaintiff has failed to plead sufficient information to allege a "serious condition" that may produce death, degeneration, or extreme pain, to satisfy the subjective prong of the analysis.

Similarly, on April 10, 2019, Plaintiff requested a "double mattress/stronger pain medication" for osteopenia/arthritis. Plaintiff's Opp. at. p. 43. To the extent Plaintiff disagrees with the medical treatment provided, this claim fails to rise to the level of a constitutional violation. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998). While Plaintiff may allege he was entitled to stronger prescription pain medication, a disagreement with the doctor's medical diagnosis and treatment plan does not give rise to a constitutional violation. Thus, Plaintiff's claims regarding medical transportation and the issuance of double mattress fail to state a constitutional claim.

# CONCLUSION

Based on the foregoing, the Defendants respectfully request the Court grant their motion and dismiss the Complaint in its entirety, and grant the Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 5, 2019

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-3586
(212) 356-8760 (fax)
tridgew@law.nyc.gov

By: _____/s/_____
THAIS R. RIDGEWAY